[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13577

Non-Argument Calendar

_____

D.C. Docket Nos. 2:14-cv-00214-AKK,

2:14-cv-00215-AKK

ANDREW BENNETT, et al.,

Plaintiffs-Appellants,

versus

JEFFERSON COUNTY, ALABAMA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(June 29, 2020)

Before BRANCH, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Bankruptcy cases can be complicated, but thankfully for us, this appeal from spin-off bankruptcy proceedings is not. Andrew Bennett, on behalf of himself and class members, was a party to several adversary proceedings against Jefferson County in its Chapter 9 bankruptcy. Those adversary proceedings were dismissed when the bankruptcy court confirmed the bankruptcy plan between the county and its creditors. Bennett appealed the confirmation order and lost. Now he wants to try again, appealing this time from the adversary proceedings that the confirmation order dismissed. Yet, as the district court held, that option is not open to him; it is foreclosed by the well-established doctrine of claim preclusion.[1]

## I.

Jefferson County filed for Chapter 9 bankruptcy after it racked up several billion dollars in sewer-related debts. Bennett, a county ratepayer, was involved in two adversary proceedings during the bankruptcy; he sought a declaratory judgment to invalidate some of the sewer system warrants that the county had issued. For its part, the county moved to stay these proceedings once it reached a tentative agreement with its major creditors. The bankruptcy court granted the motion.

---

[1] The district court also held that Bennett's challenge was moot. Given our holding, we need not reach that issue.

Soon after, the county filed its Chapter 9 plan to reorganize. The plan would release the county from any sewer-related claims, including disputes about the validity of the sewer warrants. It also specifically called for the dismissal of the adversary proceedings. After a two-day hearing, and over Bennett's objections, the court confirmed the plan in an order that expressly dismissed the adverse proceedings with prejudice.

That prompted Bennett to appeal both the confirmation order and orders entered in the adversary proceedings. The district court stayed the appeals from the adversary proceedings until it could decide what to do with Bennett's main appeal, the appeal of the confirmation order. Although Bennett initially had some success in the district court on his main appeal, we ultimately directed that court to dismiss the appeal. *Bennett v. Jefferson Cty., Alabama*, 899 F.3d 1240, 1254 (11th Cir. 2018).

With the plan confirmation set in stone, Bennett turned back to his appeal from the adversary proceedings themselves. But because the final confirmation order already dismissed those proceedings, the district court found that his claims were barred under the doctrine of claim preclusion. Bennett now appeals that decision.

II.

We review de novo a decision on claim preclusion.  *Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 892 (11th Cir. 2013).

III.

The doctrine of claim preclusion "bars the parties to an action from litigating claims that were or could have been litigated in a prior action between the same parties."  *Lobo*, 704 F.3d at 892.  "It is established law that a confirmation order satisfies 'the requirements of a judgment that can be given preclusive effect.'"  *In re Optical Techs., Inc.*, 425 F.3d 1294, 1300 (11th Cir. 2005) (quoting *In re Justice Oaks II, Ltd.*, 898 F.2d 1544, 1549 (11th Cir. 1990)) (alteration adopted).  To invoke the doctrine, the county must establish four initial elements: (1) the prior judgment was made by a court of competent jurisdiction; (2) the judgment was final and on the merits; (3) both cases involve the same parties (or their privies); and (4) both cases involve the same causes of action.  *See In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001).  The county has no trouble meeting these elements.

*First*, the bankruptcy court had jurisdiction to confirm the bankruptcy plan. *See* 28 U.S.C. §§ 157(b), 1334; *Justice Oaks II*, 898 F.2d at 1550.  In fact, "confirmations of plans" are expressly mentioned on the "list of 'core proceedings' statutorily entrusted to bankruptcy judges."  *Bullard v. Blue Hills Bank*, 135 S. Ct.

4

1686, 1693 (2015) (quoting 28 U.S.C. § 157(b)(2)(L)).  Bennett suggests that the court lacked jurisdiction because it did not properly follow the Bankruptcy Rules.  But those are just "procedural rules adopted by the Court for the orderly transaction of its business"—they are "not jurisdictional."  *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 272 (2010) (quotation marks and citation omitted).

*Second*, the conformation order was a final judgment on the merits: it "has been settled for some time" that "a bankruptcy court's order confirming a plan of reorganization is given the same effect as any district court's final judgment on the merits."  *Justice Oaks II*, 898 F.2d at 1550.

*Third*, Bennett and the county were parties in both the adversary proceedings and the confirmation proceeding, and Bennett had a full opportunity to object during the confirmation process.  *Id.*  After all, he actually objected to the plan and appealed directly from the conformation order.

*Finally*, the adversary proceedings involve the same causes of action as the confirmation proceeding.  Necessarily so: the confirmation order listed out the adversary proceedings by name and dismissed them.  Almost as telling, Bennett himself asked the district court to consolidate his appeal of the confirmation order with his appeal from the adversary proceedings—arguing that the appeals "are so intertwined with identical questions of law and fact that to have to keep them in

separate proceedings would waste the Court's resources and create unnecessary cost, delay and complexity."

And because the claims raised in Bennett's adversary proceedings were (or at least could have been) raised in his objection to the confirmation order, the doctrine of claim preclusion bars him from relitigating those claims now. *Id.* at 1552. The judgment of the district court is **AFFIRMED**.